UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeffrey M. Ness,<br>on behalf of himself and<br>all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>John Doe; Tom Landwehr, duly appointed<br>and acting in his individual capacity as<br>Commissioner of the Minnesota Department<br>of Natural Resources; Michael Campion, duly<br>appointed and acting in his individual capacity<br>as Commissioner of the Minnesota Department<br>of Public Safety; Mona Dohman, duly<br>appointed and acting in her individual capacity<br>as Commissioner of the Minnesota Department<br>of Public Safety; State of Minnesota<br>Department of Natural Resources; and State<br>of Minnesota Department of Public Safety;<br><br>   Defendants. | Civil File No. _____ |

**CLASS ACTION COMPLAINT AND JURY DEMAND**

**THE PARTIES**

  1. Plaintiff Ness is an adult male who resides in Washington County in the state of Minnesota.

  2. Defendant John Doe (whose true name is unknown to Plaintiff at this time) is an adult who was employed by Defendant State of Minnesota Department of Natural Resources (the "DNR") at all times relevant to this action. He acted under color of law and within the scope of his employment at all times relevant to this action.

3. Defendant Landwehr was duly appointed and acting in his individual capacity as the Commissioner of the Minnesota Department of Natural Resources at the times relevant to this action. He is responsible for the hiring, supervision, and training of its employees, including Defendant Doe. He is sued in his individual capacity.

4. Defendants Campion and Dohman were duly appointed and acting in their individual capacities as Commissioners of the Minnesota Department of Public Safety at the times relevant to this action. They are responsible for the hiring, supervision, and training of its employees. They are sued in their individual capacities.

5. Defendant DNR employed Defendants Doe and Landwehr at all times relevant to this action. The DNR is responsible for the hiring, supervision, and training of its employees, including Defendants Doe and Landwehr. The DNR is sued directly and also, on all relevant claims, on the theories of respondeat superior or vicarious liability and pursuant to Minn. Stat. § 3.736 *et seq.* for the unlawful conduct of its employees.

6. Defendant State of Minnesota Department of Public Safety (the "DPS") employed Campion and Dohman at the times relevant to this action. The DPS is responsible for the hiring, supervision, and training of its employees, including Defendants Campion and Dohman. The DPS is sued directly and also, on all relevant claims, on the theories of respondeat superior or vicarious liability and pursuant to Minn. Stat. § 3.736 *et seq.* for the unlawful conduct of its employees.

**JURISDICTION AND VENUE**

7. This is an action for monetary, declaratory, and injunctive relief under 42 U.S.C. §§ 1983 and 1988; 18 U.S.C. § 2721, *et seq.,* and federal and state common law. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1343(a)(3), 1331, and 1367. Venue is proper in this district under 28 U.S.C. § 1391, as the acts and omissions giving rise to this action occurred in this district, and, on information and belief, all Defendants reside in this district.

**GENERAL ALLEGATIONS**

8. At some point within the last few years, Doe looked up and viewed Plaintiff's private, personal information.

9. This information includes private data from Plaintiff's driving and/or motor vehicle records.

10. The records contain information such as Plaintiff's full name, date of birth, driver's license number, address, license status, and driver's license photos.

11. In addition to looking up Plaintiff's private information, Doe accessed and viewed the private driver information of thousands of other people.

12. Doe was not authorized to access this private information.

13. On information and belief, Doe accessed and viewed the information through the Department of Vehicle Services' ("DVS") database.

14. The login page on the DVS website implores users to refrain from accessing the information contained therein without express authorization.

15. On information and belief, Doe accessed and viewed the private driver information during working hours.

16. On information and belief, Doe used the DNR's equipment to access and view the private driver information.

17. On information and belief, Doe was at work when he accessed and viewed the private driver information.

18. Doe was able to access and view the DVS database through his employment with the DNR.

19. Under the direction of Campion and Mohman, the DPS created the DVS database and the system for state employees such as Doe to access that information.

20. DPS, under the direction of Campion and Mohman, maintained and updated the DVS database.

21. DPS, under the direction of Campion and Mohman, and the DNR, under the direction of Landwehr, provided Doe with access to the DVS database.

22. DPS, under the direction of Campion and Mohman, and the DNR, under the direction of Landwehr, had the ability to prevent Doe's unauthorized access to the DVS database.

23. DPS, under the direction of Campion and Mohman, and the DNR, under the direction of Landwehr, failed to prevent Doe's unauthorized access to the DVS database.

24. On or around January 14, 2013, the DNR sent a letter to Plaintiff and thousands of others confirming that Doe had accessed and viewed their private driver information.

25. Defendant's conduct, as set forth above, caused Plaintiff to suffer injuries, including but not limited to emotional distress, anxiety, and stress.

### *Respondeat Superior Liability*

26. Doe's conduct, as set forth above, was committed within the time and space limits of his agency relationship with his principal, Defendant DNR.

27. Doe's conduct, as set forth above, was incidental to, or of the same general nature as, the responsibilities he was authorized to perform by Defendant DNR.

28. Doe's conduct, as set forth above, was foreseeable from the nature of employment.

29. Defendant DNR is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for Doe's intentional and negligent acts, errors, and omissions described above in violation of state and federal law.

### CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action in his individual capacity and on behalf of all persons whose private driver information Doe accessed and viewed during his period of employment with the DNR.

31. Joinder of all members of the putative class is impracticable. The exact number of the Class members is unknown at this time but upon information and belief numbers around 5,000 persons.[1]

32. There are common questions of law and fact that predominate over any question affecting the Plaintiff or any individual Class member.

33. Plaintiff will fairly and adequately protect the interest of the Class. Plaintiff has retained counsel who is capable of handling civil rights class actions.

34. A class action is a superior method for the fair and efficient adjudication of this action. The identities of the Class members may be obtained from the Defendants' records.

## COUNT I
### (All Defendants)
**Violations of the Drivers Privacy Protection Act, 18 U.S.C. § 2721, *et seq*.**

35. Plaintiff restates the previous paragraphs as though fully incorporated herein.

36. At no point did Plaintiff or those similarly situated give Doe consent to view their private driver information.

37. Under the DPPA, it is unlawful to obtain, disclose, or use driver information without a legitimate government purpose.[2]

---

[1] *DNR employee improperly accessed drivers license data on 5,000 people*, Minneapolis Star-Tribune, January 15, 2013, *available at* http://www.startribune.com/politics/statelocal/186961221.html.

[2] 18 U.S.C. 2724(a).

6

38. As detailed above, Doe willfully and recklessly obtained Plaintiff's driver information without a legitimate government purpose.

39. The DPPA allows persons to bring civil actions to enforce their rights under the statute.[3]

## COUNT II
## (Against the Individual Defendants)
## 42 U.S.C. § 1983

40. Plaintiff restates the previous paragraphs as though fully incorporated herein.

41. The Fourth Amendment to the U.S. Constitution bars unreasonable searches.

42. Doe's conduct, as detailed above, constituted an unreasonable search.

43. The DPPA clearly established that obtaining a person's private driver information without a legitimate purpose violates the Fourth Amendment.

## COUNT III
## (All Defendants)
## Invasion of Privacy

44. Plaintiff restates the previous paragraphs as though fully incorporated herein.

45. Doe intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion, and private concerns or affairs of Plaintiff by unlawfully accessing and viewing his private driver information.

---

[3] *Id.*

46. Plaintiff had a reasonable expectation of privacy with respect to his private driver information.

47. Doe's conduct in accessing and viewing Plaintiff's private driver information resulted in an intrusion and invasion of privacy which occurred in a way that would be highly offensive to a reasonable person in Plaintiff's position.

48. As a result of such intrusion and invasion of privacy, Plaintiff suffered harm and is entitled to actual damages in an amount to be determined at trial.

## JURY DEMAND

49. Plaintiff demands a jury trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Enter judgment in Plaintiff's favor on his claims against Defendants in an amount to be determined at trial;

2. Award Plaintiff damages to compensate him for the injuries he suffered as a result of Defendants' unlawful conduct in an amount to be determined at trial;

3. Award Plaintiff liquidated damages of at least $2,500 for each violation of the DPPA under 18 U.S.C. § 2724(b)(1);

4. Award Plaintiff punitive damages with respect to his claims arising under federal law under 18 U.S.C. § 2724(b)(2) and *Smith v. Wade,* 461 U.S. 30 (1983);

5. Award Plaintiff treble damages;

6. Grant Plaintiff leave to amend the Complaint to include a claim for punitive damages with respect to his state law claims;

7. Award Plaintiff reasonable expenses incurred in this litigation, including attorney and expert fees under 42 U.S.C. § 1988 and 18 U.S.C. § 2724(b)(3);

8. Award Plaintiff all other statutory relief he is entitled to;

9. Declare that the conduct set forth above is unlawful under the DPPA;

10. Enjoin Defendants from accessing and viewing people's private information in violation of the DPPA;

11. Certify the proposed class of persons harmed by Defendants' conduct; and

12. Grant any other relief the Court deems just and equitable.

Dated:  January 23, 2013

*s/Joshua R. Williams*
Joshua R. Williams (#389118)
jwilliams@jrwilliamslaw.com
Naomi Ness (#304748)
nness@jrwilliamslaw.com
Tim M. Phillips (#390907)
tphillips@jrwilliamslaw.com
3249 Hennepin Avenue S, Suite 216
Minneapolis, Minnesota 55408
(612) 486-5540
(612) 605-1944 Facsimile

**ATTORNEYS FOR PLAINTIFF**